IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03167-BO

**William J. Powell,**

            Plaintiff,

v.

**Shanticia Hawkins**, *et al.*,

            Defendants.

**Order &**
**Memorandum & Recommendation**

Plaintiff William J. Powell ("Powell"), a state inmate proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 on July 10, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court are Powell's motion for a preliminary injunction and motion to appoint counsel. For the following reasons, Powell's pending motions (D.E. 11, 12) are denied, and the undersigned magistrate judge recommends that the district court dismiss Powell's claims without prejudice.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 83–85 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532; *see Jones v. Bock*, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedy procedures regardless of the types of relief such procedures offer.

1

*See Booth v. Churner*, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.

However, "the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies . . . ." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 675 (4th Cir. 2005). "Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Id.* at 683. Nonetheless, the court may "dismiss[] a complaint where the failure to exhaust is apparent from the face of the complaint," and may "inquir[e] on its own motion into whether the inmate exhausted all administrative remedies." *Id.*; *see Green v. Rubenstein*, 644 F. Supp. 2d 723, 741–42 (S.D.W. Va. 2009).

Here, Powell concedes on the face of his complaint that he did not exhaust his claims. Specifically, he state that "all of [his] grievances have not cleared, will send shortly." Compl. at 1, D.E. 1. Likewise, in the statement of his claim, Powell contends that he "will forward all information within the next 14 to 21 days." *Id.* at 3. Accordingly, his claims should be dismissed without prejudice.

In conclusion, because it is clear from the face of his complaint that Powell has not exhausted his administrative remedies, the undersigned recommends that the district court dismiss Powell's claims without prejudice. In light of this recommendation, Powell's pending motion (D.E. 11, 12) for appointment of counsel is denied and it is recommended that the district court deny his motion for a preliminary injunction.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and

Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: January 7, 2016

*Robert T. Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE